UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-549-FDW
(3:09-cv-89-FDW)
(3:05-cr-297-FDW-1)

| | |
|---|---|
| DONNELL ALEXANDER TAYLOR, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

### I. BACKGROUND

On October 24, 2007, Petitioner appeared with counsel before the Court and was sentenced to 480-months imprisonment for conviction of possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and 18 U.S.C. § 2, and sentenced to a concurrent term of 120-months for possession of a firearm by a felon, in violation 18 U.S.C. § 922(g). Based on his conviction for possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), Petitioner was sentenced to a mandatory consecutive term of 60-months imprisonment for a total of 540-months active imprisonment. (3:05-cr-297, Doc. No. 54: Judgment in a Criminal Case at 1-2).

Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. United States v. Taylor, 283 F. App'x 172 (4th Cir. 2008) (unpublished). All of

1

Petitioner's arguments were rejected on appeal and his conviction and 540-month sentence were upheld.

On or about March 6, 2009, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (3:09-cv-89, Doc. No. 1). Therein, Petitioner argued that the trial court lacked subject matter jurisdiction over him, a claim he did not raise on direct appeal. The Court noted the possibility of procedural default and proceeded to examine this claim in the context of ineffective assistance of counsel. The Court found that Petitioner failed to establish either prong under Strickland, that is, deficient representation or prejudice, and therefore denied this claim. (Doc. No. 2 at 3-4) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Plaintiff's remaining arguments regarding ineffective assistance of counsel were found to be wanting in merit and were denied. The Clerk of Court entered Judgment in accordance with the Court's Order denying and dismissing Petitioner's Section 2255, and Petitioner noted another appeal to the Fourth Circuit. This appeal was dismissed after the Court noted that Petitioner had failed to make the required showing of a denial of a constitutional or procedural right. United States v. Taylor, 385 F. App'x 317 (4th Cir. 2010) (unpublished).

On August 22, 2012, Petitioner filed the instant § 2255 motion challenging his sentence. Petitioner contends that the guidance from a recent Fourth Circuit case in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), renders his sentence as a Career Offender under USSG § 4B.1.1 invalid. As a consequence, Petitioner moves the Court for resentencing without consideration of the prior felony convictions. (3:12-cv-549, Doc. No. 1 at 14).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f)(1)-(4).

Petitioner contends that all four subsections make his Section 2255 motion timely. (3:12-cv-549, Doc. No. 1 at 1). Further, Petitioner contends that in the event he does not satisfy the above subsections, his failure to file his Section 2255 within one year should be subject to equitable tolling, and thus his tardiness excused.

In order to receive the extraordinary benefit of equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply

3

equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). The Court first observes, that Petitioner has presented no claims which entitle him to be resentenced, therefore even if Petitioner's motion were not found to be successive, equitable tolling could not apply because he has no right to collateral relief. More to the point though, as Petitioner's Section 2255 is a successive petition, as explained below, and it appears from the record that Petitioner has not received authorization from the Fourth Circuit to file such a petition, the Court is consequently without subject matter jurisdiction and therefore will not rule on the merits of the claims raised in Petitioner's Section 2255 motion.

Petitioner's record here in the Western District shows that he previously filed a Section 2255 motion which was denied and dismissed. The question the Court must consider is whether the present Section 2255 motion is permissible absent authorization from the Fourth Circuit. Under the AEDPA, "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255(h). Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file a successive petition. Rather, Petitioner contends that this present Section 2255 is not successive

Petitioner rests his argument on a mistaken belief that his prior convictions are invalid and that Simmons entitles him to relief. Petitioner is correct to the extent he argues that he could not have properly raised his Simmons argument in the previous Section 2255. The law was well-settled at the time of his conviction and sentencing and during the time he pursued relief through his first collateral proceeding, to wit: In calculating a defendant's federal sentence, prior convictions were considered from the perspective of a defendant with the worst possible criminal history under North Carolina's Structured Sentencing Act.

4

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

That Petitioner could not have raised the Simmons argument in challenges to his sentence prior to August 17, 2011, is of no consequence. As the Court has found, Petitioner has not obtained the necessary authorization to file a successive petition. And in any event, Petitioner's argument that his prior convictions do not qualify is simply erroneous. According to his PSR, Petitioner has convictions for (1) assault with a deadly weapon inflicting serious injury, where he received a suspended sentence of 6-years imprisonment. His probation was revoked and the 6-year term activated (3:05-cr-297, Doc. No. 69: PSR ¶ 40); (2) Possession with intent to manufacture, sell or deliver marijuana, where he was sentenced to an active 2-year term of imprisonment (PSR ¶ 41); and (3) Possession with intent to sell and deliver cocaine, where he was sentenced to a suspended 10-year term of imprisonment. His probation was revoked and his 10-year term was activated. (PSR ¶ 43).

Petitioner contends that four of his prior convictions, three of which are noted above, are invalid and consequently, they cannot serve to qualify him as a Career Offender under the Guidelines. Petitioner argues that the convictions "were either derived from or referred to as

5

"kick ins" or replacements [and] are four unconstitutional convictions or unlawful sentences." (3:12-cv-549, Doc. No. 1 at 2).

Prior to his sentencing hearing, Petitioner raised objections to the constitutionally of his conviction that was noted in paragraph 45 of his PSR contending that he paid a drug tax levied by the state and therefore the use of this conviction violated Double Jeopardy. During sentencing, the Court noted this objection but concluded that it was of no consequence as the three offenses enumerated above qualified Petitioner as a Career Offender and thus placed him in Criminal History Category VI. In fact, the Court noted, and defense counsel agreed, that any two of the three convictions could serve to support the Career Offender enhancement. See (3:05-cr-297, Doc. No. 62: Sentencing Transcript at 8-13). See also USSG § 4B1.1(a) & (b).

Petitioner also argues that he is currently challenging these convictions in Mecklenburg County Superior Court. (3:12-cv-549, Doc. No. 1 at 3). During sentencing, the Court noted that Petitioner was challenging the use of some or all of these four convictions and this argument was overruled: "[A]lthough noting that the defendant is making some arguments of the underlying convictions, the convictions still stand as matter of law." (3:05-cr-297, Sentencing Transcript at 8). Even today, Petitioner has provided no evidence that these convictions have been overturned or vacated.

## IV. CONCLUSION

The Court provides this summary of Petitioner's argument in an effort to determine whether indeed Petitioner's present Section 2255 motion is a successive motion. As Petitioner has put forth no argument justifying a contrary finding, the Court is without jurisdiction to consider the merits of the petition and it must be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is

**DISMISSED** as successive. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 5, 2012

Frank D. Whitney
United States District Judge